| | |
|---|---|
| 1 | REBECCA R. WEINREICH, SB# 155684 |
| | E-Mail: weinreich@lbbslaw.com |
| 2 | HELLAR-ANN HANCOCK, SB# 117075 |
| | E-Mail: hhancock@lbbslaw.com |
| 3 | **LEWIS BRISBOIS BISGAARD & SMITH LLP** |
| | 221 North Figueroa Street, Suite 1200 |
| 4 | Los Angeles, California 90012 |
| | Telephone: (213) 250-1800 |
| 5 | Facsimile: (213) 250-7900 |

Attorneys for Defendants AIG RISK MANAGEMENT, INC.
and NATIONAL UNION INSURANCE COMPANY OF PITTSBURGH, PA

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| TAMMI JONES, | ) CASE NO. CV 10-01374 EMC |
| | ) |
| Plaintiff, | ) [The Honorable Edward M. Chen] |
| | ) |
| v. | ) **DEFENDANTS AIG RISK MANAGEMENT,** |
| | ) **INC. AND NATIONAL UNION FIRE** |
| AIG RISK MANAGEMENT, INC.; | ) **INSURANCE COMPANY OF** |
| AIG CONSTRUCTION RISK | ) **PITTSBURGH, PA's NOTICE OF MOTION** |
| MANAGEMENT GROUP; AMERICAN | ) **AND MOTION TO DISMISS PURSUANT** |
| INTERNATIONAL COMPANIES; | ) **TO FEDERAL RULES OF CIVIL** |
| AMERICAN INTERNATIONAL GROUP OF | ) **PROCEDURE, RULE 12(b)(6);** |
| COMPANIES; AMERICAN | ) **MEMORANDUM OF POINTS AND** |
| INTERNATIONAL GROUP, INC.; | ) **AUTHORITIES IN SUPPORT THEREOF** |
| NATIONAL UNION FIRE INSURANCE | ) |
| COMPANY OF PITTSBURGH, PA; and | ) |
| DOES ONE through TWENTY, | ) |
| | ) Date: April 28, 2010 |
| Defendants. | ) Time: 10:30 a.m. |
| | ) Place: Courtroom C |
| | ) |

TO PLAINTIFF AND TO HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 28, 2010 at 10:30 a.m., or as soon thereafter as this motion may be heard, in Courtroom C of the United States District Court House, before the Honorable Edward M. Chen, located at 450 Golden Gate Avenue, San Francisco, California, Defendants AIG Risk Management, Inc. and National Union Fire Insurance Company of Pittsburgh, Pa. ("Defendants"), through their counsel, will and hereby do move to dismiss Plaintiff, Tammi

Jones' ("Plaintiff"), first through sixth causes of action in the Complaint. This motion is made under *Federal Rules of Civil Procedure* Rule 12(b)(6) and Rule 9(b).

Defendants move to dismiss these claims on the grounds that each of these causes of action fails to state a claim upon which relief can be granted. Specifically, Defendants' motion seeks dismissal of Plaintiff's causes of action for (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, (3) fraud and deceit, (4) interference with contractual relations, (5) intentional infliction of emotional distress, and (6) conspiracy, on the grounds that Plaintiff has failed to state a claim upon which relief can be granted.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings on file, oral argument of counsel, and such other materials and arguments as may be presented in connection with the hearing on the motion.

DATED: April 6, 2010      LEWIS BRISBOIS BISGAARD & SMITH LLP


By /s/ Rebecca R. Weinreich
Rebecca R. Weinreich
Hellar-Ann Hancock
Attorneys for Defendants AIG RISK MANAGEMENT, INC. and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.

**TABLE OF CONTENTS**

Page

I. INTRODUCTION .................................................................. 1

    A. Factual Background .................................................. 1

    B. Allegations Regarding The Insurance Contract ................ 2

    C. Allegations Regarding Defendants' Identity and Capacity ... 2

II. LEGAL STANDARD ............................................................ 2

    A. Rule 12(b)(6) Standards. ............................................ 2

III. PLAINTIFF FAILS TO ALLEGE FACTS SUFFICIENT TO SUPPORT HER CLAIM FOR BREACH OF CONTRACT AGAINST ANY DEFENDANT ......... 3

IV. PLAINTIFF HAS NOT STATED A BREACH OF CONTRACT CAUSE OF ACTION AGAINST FIVE DEFENDANTS BECAUSE SHE HAS NOT ALLEGED THEY ARE PARTIES TO THE INSURANCE CONTRACT ......... 4

V. BREACH OF CONTRACT AND BAD FAITH CLAIMS CANNOT BE ASSERTED AGAINST INSURANCE AGENTS OR CLAIMS HANDLERS ......... 5

VI. PLAINTIFF'S CLAIM FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING MUST FAIL ......... 6

VII. PLAINTIFF CANNOT STATE A CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS ......... 8

VIII. PLAINTIFF FAILS TO STATE A CLAIM FOR FRAUD ......... 9

IX. PLAINTIFF FAILS TO STATE A CLAIM FOR CONSPIRACY ......... 11

X. PLAINTIFF'S CAUSE OF ACTION FOR INTENTIONAL INTERFERENCE WITH CONTRACT IS WITHOUT MERIT ......... 13

XI. CONCLUSION ......... 13

Case3:10-cv-01374-EMC Document6 Filed04/06/10 Page4 of 20

# TABLE OF AUTHORITIES

**Page**

**Federal Cases**

*Ashcroft v. Iqbal*
(2009) U.S. LEXIS 3472 .................................................................. 3

*Bell Atlantic Corp. v. Twombly*
(2007) 127 S.Ct. 1955 ..................................................................... 3

*Cooper v. Pickett*
(9th Cir. 1997) 137 F.3d 616 ........................................................ 10

*Desaigoudar v. Meyercord*
(9th Cir. 2000) 223 F.3d 1020 ...................................................... 10

*In re GlenFed Inc. Sec. Litigation*
(9th Cir. 1994) 42 F.3d 1541 ........................................................ 10

*National Association for Advancement of Psychoanalysis v. Cal.*
*Board of Psychology*
(9th Cir. 2000) 228 F.3d 1043 ........................................................ 3

*Navarro v. Block*
(9th Cir. 2001) 250 F.3d 729 .......................................................... 3

*Papasan v. Allain*
(1986) 478 U.S. 265 ........................................................................ 3

*Vess v. Ciba-Geigy Corp. USA*
(9th Cir. 2003) 317 F.3d 1097 ...................................................... 10

**State Cases**

*Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*
(1994) 7 Cal.4th 503 ....................................................................... 6

*Auerbach v. Great Western Bank*
(1999) 74 Cal.App.4th 1172 ......................................................... 11

*Beeler v. West American Finance Co.*
(1962) 201 Cal.App.2d 702 .......................................................... 12

*C&H Foods Co. v. Hartford Insurance Co.* (1984) 163 Cal.App.3d 1055 ......... 7, 13

*California State Automobile Association v. Superior Court*
(1986) 184 Cal.App.3d 1428 .......................................................... 8

*Choate v. County of Orange*
(2000) 86 Cal.App.4th 312 ........................................................... 11

*Cochran v. Cochran*
(1998) 65 Cal.App.4th 488 ............................................................. 8

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP

4831-8912-0517.1

*Coleman v. Republic Indemnity Insurance Co. of Calif.*
(2005) 132 Cal.App.4th 403 .................................................................. 9

*Cutting Fruit Packing Co. v. Canty*
(1904) 141 Cal. 692 ........................................................................... 3

*Davidson v. City of Westminster*
(1982) 32 Cal.3d 197 .......................................................................... 8

*Davis v. Superior Court*
(1959) 175 Cal.App.2d 8 .................................................................... 12

*Docks Co. v. Superior Ct.*
(1989) 49 Cal.3d 39 ........................................................................... 4

*Doctors' Co. v. Superior Court*
(1989) 49 Cal.3d 39 ........................................................................... 6

*Gibson v. Government Employers Insurance Co.*
(1984) 162 Cal.App.3d 441 ................................................................. 7

*Gruenberg v. Aetna Insurance Co.*
(1973) 9 Cal.3d 566 ......................................................................... 5, 7

*Harris v. Rudin, Richman & Appel*
(1999) 74 Cal.App.4th 299 .................................................................. 4

*Hess, et al. v. Transamerica Accidental Life Insurance Company*
(1987) 190 Cal.App.3d 941 ................................................................. 4

*Kidron v. Movie Acquisition Corp.*
(1995) 40 Cal.App.4th 1571 ............................................................ 11, 12

*Love v. Fire Insurance Exchange*
(1990) 221 Cal.App.3d 1136 ............................................................. 6, 7

*Mintz v. v. Blue Cross of California*
(2009) 172 Cal.App.4th 1594 .............................................................. 9

*Molko v. Holy Spirit Association*
(1988) 46 Cal.3d 1092 ....................................................................... 11

*Mosier v. Southern California Physicians Insurance Exchange*
(1998) 63 Cal.App.4th 1022 ............................................................... 11

*Pacific Gas & Electric Co. v. Bear Stearns & Co.*
(1990) 50 Cal.3d 1118 ....................................................................... 13

*Reichert v. General Insurance Co.*
(1968) 68 Cal.2d 822 .......................................................................... 3

*Schlauch v. Hartford Accident & Indemnity Co.*
(1983) 146 Cal.App.3d 926 ................................................................. 9

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP

4831-8912-0517.1 -iii-
CV 10-01374 EMC
MOTION TO DISMISS

*Service by Medallion, Inc. v. Clorox Co.*
   (1996) 44 Cal.App.4th 1807 .................................................. 11

*State of California ex rel. Metz v. CCC Information Services, Inc.*
   (2007) 149 Cal.App.4th 402 .................................................. 12

*Thompson v. Cannon*
   (1990) 224 Cal.App.3d 1413 .................................................. 6

*Tomaselli v. Transamerica Insurance Co.*
   (1994) 25 Cal.App.4th 1766 .................................................. 7

*Vasquez v. Superior Court*
   (1971) 4 Cal.3d 800 .......................................................... 10

*Villa v. McFerren*
   (1995) 35 Cal.App.4th 733 .................................................. 6

**Other Authorities**

*Federal Rules of Civil Procedure* Rule 12(b) ................................ 2



# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

### A. Factual Background

Plaintiff alleges causes of action for (1) breach of contract, (2) breach of the covenant of good faith and fair dealing, (3) fraud and deceit, (4) interference with contractual relations, (5) intentional infliction of emotional distress, and (6) conspiracy, all allegedly arising out of Plaintiff's claim for underinsured motorist benefits purportedly due under an insurance contract between Plaintiff's employer, Tutor-Saliba, and Defendants. Plaintiff alleges that Tutor-Saliba purchased motor vehicle insurance from Defendants which covered Plaintiff for an automobile accident on May 24, 2004 during the course and scope of her employment as an iron worker for Tutor-Saliba. Plaintiff alleges she was severely injured on May 24, 2004 when she was driving a Tutor-Saliba GMC vehicle and was struck by a third-party vehicle driven by underinsured motorist Saengphet Phimphavanh.

Following the collision on May 24, 2004, Plaintiff alleges she filed an action against Saengphet Phimphavanh ("Phimphavanh") which was ultimately settled in early 2006 when his insurer, State Farm, paid Plaintiff policy limits of $25,000. After settling her claim against Phimphavanh, Plaintiff made a claim against her employer, Tutor-Saliba, for workers' compensation benefits through Tutor-Saliba's insurance carrier, AIG, and received benefits totalling $108,000. Despite receiving combined benefits of approximately $133,000 from State Farm and AIG, Plaintiff alleges she was not fully compensated for her injuries. She thereafter made a claim for underinsured motorist benefits allegedly due under the policy issued by Defendants to Tutor-Saliba. During the course of making her claim against Defendants, she made contact with Deborah Paules who Plaintiff alleges was associated in some capacity with AIG Construction Risk Management. (Complaint, ¶ 12.)

Plaintiff ultimately settled her underinsured motorist claim with Defendants and was paid an agreed-to settlement amount. She now claims that Defendants unreasonably delayed payment of the settlement in bad faith, resulting in emotional distress, financial distress and economic damages and further entitling Plaintiff to punitive damages.

LEWIS BRISBOIS BISGAARD & SMITH LLP

B.  **Allegations Regarding The Insurance Contract**

Plaintiff makes the following conclusory allegations regarding the purported insurance policy allegedly issued by Defendants to Plaintiff's employer, Tutor-Saliba:

> "Tutor-Saliba purchased insurance coverage for the Richmond Bridge construction project from defendants and each of them. In consideration of the payment of a premium defendants and each of them issued a policy of insurance providing motor vehicle insurance coverage for Tutor-Saliba company vehicles as of May 24, 2004, the policy of insurance bearing policy contract number CA 826-15-77... In the Policy, defendants and each of them undertook to and did provide insurance coverage to employees of Tutor-Saliba driving company vehicles with permission in the course and scope of their employment. The Policy insured employees of Tutor-Saliba driving company vehicles with permission, including TAMMI JONES, against loss resulting from automobile accidents caused by underinsured motorists, up to the amount of $1,000,000 per occurrence, less the amount of the insurance policy limits recovered from responsible parties.... The Policy was in effect as of May 24, 2004. The vehicles covered by the Policy included the Tutor-Saliba GMC Sierra truck, License Number 6C11751."

(Plaintiff's Complaint, ¶ 8, lines 5-12.)

Plaintiff's complaint provides no other information about the effective dates of the policy, the terms and conditions, the scope of coverage, who is covered, any applicable exclusions and/or conditions precedent to coverage and does not attach a copy of the pertinent policy.

C.  **Allegations Regarding Defendants' Identity and Capacity**

Plaintiff alleges that *"defendants and each of them"* issued a policy of insurance "providing motor vehicle insurance coverage for Tutor-Saliba Company vehicles" (Complaint, ¶8, lines 8 - 9.) Although Plaintiff alleges in paragraph 8 that "each defendant" purportedly issued a policy of insurance, Plaintiff identifies only National Union as an "insurer" (Complaint, ¶¶ 4, 29). Plaintiff alleges that four of the remaining Defendants are "business organizations, form unknown." (Complaint, ¶ 3.) Plaintiff alleges that the sixth Defendant, AIG Risk Management, Inc., is involved in "insurance services" (Complaint, ¶ 2). Despite these clearly contradictory allegations in the body of the complaint, Plaintiff premises her entire claims against these Defendants around the issuance of the pertinent policy by "defendants and each of them." (Complaint, ¶ 8.)

II.  **LEGAL STANDARD**

A.  **Rule 12(b)(6) Standards**.

This Court may dismiss a claim when "there is no cognizable legal theory or an absence of

sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block* (9th Cir. 2001) 250 F.3d 729, 732. As the Supreme Court has emphasized, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" survive a motion to dismiss. *Bell Atlantic Corp. v. Twombly* (2007) 127 S.Ct. 1955, 1965-66. *See also Nat'l Ass'n for Advancement of Psychoanalysis v. Cal. Bd. of Psychology* (9th Cir. 2000) 228 F.3d 1043, 1049 ("Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim.").

In *Bell Atlantic Corp. v. Twombly, supra*, the United States Supreme Court explained: "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" While the pleading standard announced by Rule 8 does not require "detailed factual allegations," it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 555. (Citing *Papasan v. Allain* (1986) 478 U.S. 265, 286). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557. *See also Ashcroft v. Iqbal* (2009) U.S. LEXIS 3472.

### III. PLAINTIFF FAILS TO ALLEGE FACTS SUFFICIENT TO SUPPORT HER CLAIM FOR BREACH OF CONTRACT AGAINST ANY DEFENDANT

Pleading a cause of action for breach of contract requires pleading (1) the existence of the contract, (2) the plaintiff's performance or excuse for performance, (3) the defendant's breach, and (4) damage to the plaintiff. (*See, e.g., Cutting Fruit Packing Co. v. Canty* (1904) 141 Cal. 692, 695; *Reichert v. General Ins. Co.* (1968) 68 Cal. 2d 822, 830. *See also*, CACI 303, Breach of

Contract—Essential Factual Elements (Rev. June 2006).) Plaintiff is further required to set out the terms of the contract verbatim in the body of the complaint or attach a copy of the written agreement itself. *Harris v. Rudin, Richman & Appel* (1999) 74 Cal.App.4th 299, 307.

As set forth more fully above, Plaintiff does not plead any specific terms of the insurance contract or attach a copy of the policy. All Plaintiff alleges is that there was a policy in existence which provided underinsured coverage for injuries she allegedly sustained in the May 24, 2004 accident. Such conclusory allegations are insufficient to state a claim against any named defendant.

As pled, neither the Court nor Defendants can ascertain whether the contract purportedly breached was oral, written, partly oral, partly written, or implied in fact. Therefore, Plaintiff's cause of action for breach of contract should be dismissed for failure to state a claim.

### IV. PLAINTIFF HAS NOT STATED A BREACH OF CONTRACT CAUSE OF ACTION AGAINST FIVE DEFENDANTS BECAUSE SHE HAS NOT ALLEGED THEY ARE PARTIES TO THE INSURANCE CONTRACT

Even assuming *arguendo* that this Court finds Plaintiff has alleged a *prima facie* cause of action for breach of contract against National Union as the insurer, Plaintiff has not alleged the existence of a contract between herself and any other Defendant.

It is axiomatic that for a plaintiff to bring a breach of contract action against a defendant, the plaintiff and defendant must have a contractual relationship. *Hess, et al. v. Transamerica Accidental Life Insurance Company* (1987) 190 Cal.App.3d 941. The California Supreme Court explained in *Docks Co. v. Superior Ct.* (1989) 49 Cal.3d 39, that only an insurer can be held liable for breach of contractual duties owed by an insurer to its insured. Here, all named Defendants, other than National Union, are not identified as insurers and, therefore, cannot be held liable for breach of the insurance contract.

With regard to the remaining Defendants, there is *no* allegation that any of these Defendants were insurance companies with the capacity to enter into any insurance contract with Plaintiff's employer for the benefit of Plaintiff. Therefore, Plaintiff's breach of contract cause of action must fail as to all Defendants other than National Union.

///

///

## V. BREACH OF CONTRACT AND BAD FAITH CLAIMS CANNOT BE ASSERTED AGAINST INSURANCE AGENTS OR CLAIMS HANDLERS

To the extent that Plaintiff's complaint alleges Deborah Paules of AIG Construction Risk Management "handled" her claim, such conduct cannot result in liability for breach of contract or bad faith. California courts have specifically held that claims for breach of contract and bad faith do not exist against insurance agents or claims adjusters in the context of insurance disputes. *Gruenberg v. Aetna Ins. Co.* (1973) 9 Cal. 3d 566.

In *Gruenberg, supra*, the California Supreme Court upheld the trial court's ruling sustaining the demurrer of non-insurer defendants, including a claims adjuster, to causes of action for breach of contract and bad faith. The non-insurer defendants were alleged to have been agents of the insurers acting within the course and scope of that agency when the alleged claim handling conduct occurred. But because these claim handling agents were not alleged to be the insurer, no cause of action for breach of contract or bad faith could be sustained. (*Id.*, 9 Cal.3d at 571.)

Like *Gruenberg*, Plaintiff's complaint here establishes that the only named Defendant potentially chargeable with claims for breach of the contract and bad faith is National Union. (Complaint, ¶¶ 2-4.) Plaintiff's conclusory allegations that each Defendant was "acting as an agent and employee 's of every other defendant" (Complaint, ¶ 7) are insufficient to state a breach of contract claim against a non-insurer. As the Court in *Gruenberg* opined:

> "Plaintiff alleges that Brown, the insurance adjusting firm, and its employee . . . were agents and employees of defendant insurers and of each other and were acting within the scope of that agency and employment when they committed the acts attributed to them. However, plaintiff contends that these non-insurer defendants breached only the duty of good faith and fair dealing; therefore, we need not consider the possibility that they may have committed another tort in their respective capacities as total strangers to the contracts of insurance. Obviously, the non-insurer defendants were not parties to the agreements for insurance; therefore, they are not, as such, subject to the implied duty of good faith and fair dealing. Moreover, as agents and employees of defendant insurers, they cannot be held accountable on a theory of conspiracy [because all their conduct is alleged to have been within the course and scope of the agency or employment]. (*Wise v. Southern Pacific Co.*, (1963) 233 Cal.App.3d 50, 72 ... This rule, as explained in *Wise* (at pp. 72-73) 'derives from the principle that ordinarily corporate agents and employees acting for and on behalf of the corporation cannot be held liable for inducing a breach of the corporations' contract since being

> in a confidential relationship to the corporation their action in this respect is privileged.' (*See also, Mallard v. Boring*, (1960) 182 Cal.App.2d 390, 393 ...) Accordingly, the judgment of dismissal in favor of the non-insurer defendants must be affirmed."

(*Gruenberg, supra*, 9 Cal.3d at 576.)

In *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.* (1994) 7 Cal.4th 503, the court held that liability may not be imposed upon an insurer's claims-handling agent even if the agent is alleged to be involved in committing the alleged wrong. The *Allied* court explained that no liability can be imposed on a claims-handler because the claims agent cannot violate a duty that is owed exclusively by the insurer to the insured. (*Id.*, 7 Cal.4th at 511-512.)

In the present case, Plaintiff alleges Deborah Paules, AIG Complex Director, responded to the UIM claim of Plaintiff (¶ 12) and that her response was written on behalf of:

> "AIG Risk Management Group, part of AIG Risk Management, Inc., a division of American International Companies, with insurance provided by members of American Insurance Group, Inc. including National Union."

(Complaint, ¶ 12.)

To the extent that Ms. Paules was handling the claim on behalf of Defendant entities, they cannot be held liable because they had no contractual duty to Tutor-Saliba (and arguably to Plaintiff). (*See, e.g., Villa v. McFerren* (1995) 35 Cal.App.4th 733, 737; *Thompson v. Cannon* (1990) 224 Cal.App.3d 1413; *Doctors' Co. v. Superior Court* (1989) 49 Cal.3d 39.)

Because no Defendant other than National Union issued any insurance policy to Plaintiff or her employer, there is no question that liability for breach of contract or bad faith cannot be imposed. Plaintiff's breach of contract and bad faith claims against these Defendants should therefore be dismissed, without leave to amend.

## VI. PLAINTIFF'S CLAIM FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING MUST FAIL

The essential elements of a cause of action for breach of the implied covenant of good faith and fair dealing are: (1) the withholding of benefits which are due under the policy; (2) unreasonably or without proper cause. *Love v. Fire Ins. Exchange* (1990) 221 Cal. App. 3d 1136,

1151. Like a cause of action for breach of contract, an action for breach of the implied covenant of good faith and fair dealing requires as a prerequisite to liability, the existence of a contractual relationship. (See, generally, *Gruenberg, supra,* at 576; *C&H Foods Co. v. Hartford Ins. Co.* (1984) 163 Cal.App.3d 1055, 1067-68.)

The implied covenant of good faith and fair dealing is, by its nature, based on and completely dependent upon the existence of an insurance contract between the parties. *Gruenberg, supra,* at 575. Hence, the deficiencies noted above regarding Plaintiff's contract claim are equally applicable to the complaint's allegations of breach of the duty of good faith and fair dealing. An insurer can only breach the covenant of good faith and fair dealing when it withholds benefits actually due under the policy without good cause. *Love v. Fire Ins. Exch.* (1990) 221 Cal.App.3d 1136, 1151-52.

In *Tomaselli v. Transamerica Ins. Co.* (1994) 25 Cal.App.4th 1766, the Court emphasized that without a breach of contract, there can be no breach of the implied covenant of good faith and fair dealing:

> "Our conclusion that a bad faith claim cannot be maintained unless policy benefits are due is in accord with the policy in which the duty of good faith is rooted. The covenant of good faith and fair dealing is implied in law to assure that a contracting party 'refrains from doing anything to injure the right of the other to receive the benefits of the agreement.' [Citation omitted.] In essence, the covenant is implied as a supplement to the express contractual covenants, to prevent a contracting party from engaging in conduct which (while not technically transgressing the express covenants) frustrates the other party's rights to the benefits of the contract. . . . Absent [the] primary right, however, the auxiliary implied covenant has nothing upon which to act as a supplement, and should not be endowed with an existence independent of its contractual underpinnings. [Citation omitted.]"

*Tomaselli, supra,* at 1772.

A breach of the underlying insurance contract is an essential element of the claim for bad faith, and not merely an indicator of bad faith. In other words, unless the insurer withheld an insurance contract benefit wrongfully, there is no bad faith. *Gibson v. Government Employers Ins. Co.* (1984) 162 Cal.App.3d 441, 448, ["Plaintiffs have not cited, and we have not found, any case which extends ... a covenant of good faith and fair dealing owed by an insurer or insurance company

LEWIS BRISBOIS BISGAARD & SMITH LLP

or its insured beyond the terms of the insurance contract in force between them."]; *California State Auto. Assn. v. Superior Court* (1986) 184 Cal.App.3d 1428, 1433, ["CSAA correctly posits that no award [for bad faith] can be made without first establishing that coverage exists.']; *Brodkin v. State Farm Fire & Cas. Co.* (1989) 217 Cal.App.3d 210, 218 ['Even if there was evidence the claim was improperly handled, there could be no cause of action for breach of the covenant of good faith or of any statutory duty since State Farm correctly denied the claim."].

Here there is no contract between Tutor-Saliba and any named Defendant, other than potentially National Union. Moreover, there is no allegation that benefits were withheld. To the contrary, Plaintiff alleges she received the settlement draft on January 23, 2009 from Defendant, National Union. (Complaint, ¶ 29.) Because a breach of duty owed under the insurance contract is a condition precedent to a claim for breach of the implied covenant, and because no Defendant, other than National Union, had a contractual relationship with Plaintiff or Plaintiff's employer, the cause of action for bad faith must be dismissed as to all Defendants other than National Union.

### VII. PLAINTIFF CANNOT STATE A CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiff brings a completely spurious claim for intentional infliction of emotional distress. Case after case has held that a denial of an insurance claim, or a delay in paying insurance benefits, is not sufficiently extreme and outrageous conduct to support a cause of action for intentional infliction of emotional distress.

"The tort of intentional infliction of emotional distress is comprised of three elements: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of, the probability of causing, emotional distress; (2) the plaintiff suffered severe or extreme emotional distress; and (3) the plaintiff's injuries were actually and proximately caused by the defendant's outrageous conduct." *Cochran v. Cochran* (1998) 65 Cal.App.4th 488, 494.

In order to satisfy the first requirement of the tort, the alleged conduct ". . . must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Davidson v. City of Westminster* (1982) 32 Cal.3d 197, 209.

Plaintiff alleges that Defendants delayed the payment of benefits for Plaintiff's underinsured

motorist claim from the day they reached a tentative agreement on November 12, 2007 until January 23, 2009, when Plaintiff received the settlement draft from National Union. (Complaint, ¶¶ 25-29.) Plaintiff alleges that Defendants "intentionally withheld underinsured motorist benefits" even though Defendants had knowledge that Plaintiff was injured and out of work and "desperate for money and harassed by creditors." (Complaint, ¶ 62) Plaintiff further alleges that Defendants' withholding of money was "intentional and malicious and done for the purpose of causing Plaintiff to suffer humiliation, mental anguish and emotional and physical distress." (Complaint, ¶ 62.)

California courts have repeatedly held that delay or denial of insurance claims is not sufficiently outrageous to state a cause of action for intentional infliction of emotional distress. *Coleman v. Republic Indemnity Ins. Co. of Calif.* (2005) 132 Cal.App.4th 403, 417. Moreover, in *Schlauch v. Hartford Accident & Indemnity Co.* (1983) 146 Cal.App.3d 926, 936, the court specifically found an insurer's delay of one and a half years in tendering policy benefits did not qualify as outrageous conduct. Here, Plaintiff alleges just over one year in delays but also alleges an ongoing dispute during this time frame regarding the terms of the settlement agreement and release required in exchange for the settlement draft. Therefore, on the face of the complaint, Plaintiff tenders a reasonable explanation for the delay. (Complaint, ¶¶ 25-29.)

Most recently, in *Mintz v. v. Blue Cross of California* (2009) 172 Cal.App.4th 1594, the Court of Appeal reaffirmed this precedent holding that the denial of health insurance benefits, even in a life or death situation, did not give rise to a claim for intentional infliction of emotional distress. In *Mintz, supra,*, plaintiff alleged that Blue Cross denied the insured potentially life-saving experimental health care he needed, knowing he was dying of cancer. The court found that even in such dire circumstances, such conduct was not enough to state a cause of action for intentional infliction of emotional distress. Therefore, under the circumstances outlined by Plaintiff, her cause of action for intentional infliction of emotional distress must fail.

## VIII. PLAINTIFF FAILS TO STATE A CLAIM FOR FRAUD

The gravamen of Plaintiff's cause of action for fraud is:

> "Defendants and each of them represented that upon the terms and conditions of the Policy, defendants and each of them would pay without unreasonable delay to an insured under the Policy the following:

> The amount of damages which such insured was legally entitled to collect from an underinsured motorist causing bodily injury, following payment of the Policy limit of the underinsured motorist, up to the amount of $1,000,000." (Complaint, ¶ 46.)

According to the complaint, these representations were "false and fraudulent." (Complaint, ¶ 47.)

Even though an action in federal court is subject to notice pleading, fraud allegations must nonetheless meet the strictest pleading requirements of Rule 9. *Vess v. Ciba-Geigy Corp. USA* (9th Cir. 2003) 317 F.3d 1097, 1103. "Averments of fraud must be accompanied by 'the who, what, when, where, and how'" of the misconduct charged. *Id.*, citing *Cooper v. Pickett* (9th Cir. 1997) 137 F.3d 616, 627. Rule 9(b) requires Plaintiff to plead with:

> "particularity as to the circumstances of the fraud – this requires pleading facts that by any definition are 'evidentiary': time, place, person, statements made, explanations of why or how such statements are false or misleading."

*In re GlenFed Inc. Sec. Litig.* (9th Cir. 1994) 42 F.3d 1541, 1547 n.7. *See also Vess, supra*, 317 F.3d at 1106; [The circumstances constituting fraud shall be pled "with a high degree of meticulousness."] *Desaigoudar v. Meyercord* (9th Cir. 2000) 223 F.3d 1020, 1022-23. Allegations failing to meet this heightened standard are "disregarded" or "stripped from the claim," and the remaining allegations are evaluated to see if a valid claim has been stated. *Vess, supra*, 317 F.3d at 1105 (quotations omitted).

The elements of a fraud cause of action are (1) false representations, (2) made with knowledge of their falsity, (3) made with intent to induce reasonable reliance by plaintiff, (4) reliance, and (5) damage. *Vasquez v. Superior Court* (1971) 4 Cal. 3d 800, 811. The only communications alleged with specificity by Plaintiff are Plaintiff's communications with Deborah Paules. Even in the allegations specified by Plaintiff as to Ms. Paules, the only actual representation allegedly made by Ms. Paules was on February 7, 2007 at which time she represented she was forwarding Plaintiff's file to attorney Dennis Bobbitt (Complaint, ¶ 15)–which she did. No additional representations are specifically alleged. Therefore, the only representation alleged was fulfilled. Plaintiff has not alleged the requisite misrepresentation to satisfy the first element of a

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP

4831-8912-0517.1                          -10-
                                                              CV 10-01374 EMC
                                                              MOTION TO DISMISS

cause of action for fraud.

Plaintiff also failed to plead justifiable reliance which, for the purpose of a fraud claim, exists when defendant's misrepresentation or concealment caused Plaintiff to alter her legal relations. *Auerbach v. Great Western Bank* (1999) 74 Cal. App. 4th 1172, 1184-85, 88 Cal. Rptr. 2d 718, citing *Molko v. Holy Spirit Assn.* (1988) 46 Cal. 3d 1092, 1108, 252 Cal. Rptr. 122, 762 P.2d 46. Plaintiff fails to allege how any purported misrepresentation by Deborah Paules was intended to induce reliance.

Here, Plaintiff fails to make specific allegations regarding "who" made the alleged misrepresentation, what was said, where the misrepresentations were made and how the individual representations were false. If there was an alleged omission, Plaintiff must allege what information was allegedly concealed. As the only individual identified by Plaintiff to be making any representations, Ms. Paules is presumably the "who." However, Plaintiff does not allege any representations were false or her reliance or damage.

It is well established that "deception without resulting loss is not actionable fraud." *Service by Medallion, Inc. v. Clorox Co.* (1996) 44 Cal. App.4th 1807, 1818.

## IX. PLAINTIFF FAILS TO STATE A CLAIM FOR CONSPIRACY

The elements of a civil conspiracy are "(1) the formation and operation of the conspiracy; (2) the wrongful act or acts done pursuant thereto; and (3) the damage resulting." *Mosier v. Southern California Physicians Insurance Exchange* (1998) 63 Cal.App.4th 1022, 1048.

Such allegations are disfavored in the law because of the easy manner in which they can be alleged. *Choate v. County of Orange* (2000) 86 Cal.App.4th 312, 333.

> "Because civil conspiracy is so easy to allege, plaintiffs have a weighty burden to prove it. They must show that each member of the conspiracy acted in concert and came to a mutual understanding to accomplish a common and unlawful plan, and that one or more of them committed an overt act to further it. It is not enough that the conspiring officers knew of an intended wrongful act, they had to agree--expressly or tacitly--to achieve it. Unless there is such a meeting of the minds, the independent acts of two or more wrongdoers do not amount to a conspiracy."

In light of the disfavored nature of the legal theory, courts require specific evidence of each element of the conspiracy. *Kidron v. Movie Acquisition Corp.* (1995) 40 Cal.App.4th 1571, 1582.

In *Kidron*, the court held:

> "'[t]here must be some evidence. Mere association does not make a conspiracy. There must be evidence of some participation or interest in the commission of the offense.' An inference must flow logically from other facts established in the action.'"

(*Id.*, quoting *Davis v. Superior Court* (1959) 175 Cal.App.2d 8, 23.)

In *Beeler v. West American Finance Co.* (1962) 201 Cal.App.2d 702, the Court of Appeal upheld the sustaining of a demurrer based upon allegations that the defendants had conspired to make intentional misrepresentations and to use fraud and deceit with respect to a real estate transaction. There, the court found that because there were no statements attributed to the defendant, and the sole basis for the conspiracy cause of action were pled in generalities and conclusions of law, the demurrer was properly sustained. (*Id.* at 707.)

Similarly, in *State of California ex rel. Metz v. CCC Information Services, Inc.* (2007) 149 Cal. App. 4th 402, 419, the California Court of Appeal upheld the sustaining of a demurrer without leave to amend, holding that the boilerplate conspiracy allegations were insufficient to state a cause of action as a matter of law. There, the court explained:

> "[i]n order to state a cause of action based upon a conspiracy theory the plaintiff must allege the formation and operation of the conspiracy, the wrongful act or acts done pursuant to it, and the damage resulting from such acts. [Citation.] In making such allegations bare legal conclusions, inferences, generalities, presumptions, and conclusions are insufficient. [Citation.] Metz's conspiracy allegations—that CCC and unnamed defendants conspired to conceal their improper loss valuations—amount to bare legal conclusions."

(*Id.* at 419.)

Here, Plaintiff has pled no facts to support her theory that any defendant was involved in any conspiracy to defraud her. As set forth more fully above, Plaintiff has not pled any facts to suggest that she entered into any agreement with any defendant other than National Union. Moreover, Plaintiff has not pled how, if at all, any defendant knew of the purpose or intent of the other defendants or any wrongful act that Defendants did to further any alleged conspiracy. In short, Plaintiff fails to plead facts to support any element required for civil conspiracy against any named Defendant.

LEWIS BRISBOIS BISGAARD & SMITH LLP

## X. PLAINTIFF'S CAUSE OF ACTION FOR INTENTIONAL INTERFERENCE WITH CONTRACT IS WITHOUT MERIT

The elements Plaintiff must plead to state a cause of action for interference with contract are: (1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage. *Pacific Gas & Electric Co. v. Bear Stearns & Co.* (1990) 50 Cal.3d 1118, 1126.

Here, Plaintiff alleges she had a "relationship" with the "insurer" and that Defendants "delayed and disputed" that economic relationship. (Complaint, ¶ 54.) However, Plaintiff fails to allege facts showing that these named Defendants did anything to interfere with any alleged contract and, most importantly, as set forth fully above, that Plaintiff had a contract with any Defendant, other than National Union.

In order to survive a motion to dismiss or a demurrer, plaintiffs must plead more than vague conclusions of fact; they must plead the actual facts leading to that conclusion. *C&H Foods Co. v. Hartford Ins. Co.* (1984) 163 Cal.App.3d 1055, 1062. Instead of merely pleading the conclusion of intent, plaintiffs need to plead *facts* explaining who acted, which contract was interfered with, why or how defendants' conduct interfered, and what harm plaintiffs actually suffered as a result.

## XI. CONCLUSION

Based on the foregoing, Defendants respectfully request that this Court dismiss without leave to amend, Plaintiff's first through sixth causes of action as to all Defendants.

DATED: April 6, 2010         LEWIS BRISBOIS BISGAARD & SMITH LLP


By /s/ Rebecca R. Weinreich
Rebecca R. Weinreich
Hellar-Ann Hancock
Attorneys for Defendants AIG RISK MANAGEMENT, INC. and NATIONAL UNION INSURANCE COMPANY OF PITTSBURGH, PA

**FEDERAL COURT PROOF OF SERVICE**
*Tammi Jones v. AIG Risk Management, et al.* - File No. 6234-7811

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 221 North Figueroa Street, Suite 1200, Los Angeles, California 90012. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On April 6, 2010, I served the following document(s): **DEFENDANTS AIG RISK MANAGEMENT, INC AND NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA's MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

Edward M. Mastrangelo, Esq.
MASTRANGELO LAW OFFICES
A Professional Corporation
Two Theatre Square, Suite 234
Orinda, CA 94563
Telephone:  925-258-0500
Facsimile:  925-254-0550

*Attorney for Plaintiffs*

The documents were served by the following means:

[ ] (BY U.S. MAIL) I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and I deposited the sealed envelope or package with the U.S. Postal Service, with the postage fully prepaid.

[ ] (BY OVERNIGHT DELIVERY) Based on an agreement of the parties to accept service by overnight delivery, I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed above. I placed the envelope or package for collection and delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

[X] (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on April , 2010, at Los Angeles, California.

_____
Annette E. Jacques

LEWIS BRISBOIS BISGAARD & SMITH LLP

4831-8912-0517.1

CV 10-01374 EMC
MOTION TO DISMISS