REBECCA R. WEINREICH, SB# 155684
E-Mail: weinreich@lbbslaw.com
HELLAR-ANN HANCOCK, SB# 117075
E-Mail: hhancock@lbbslaw.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: (213) 250-1800
Facsimile: (213) 481-0621

Attorneys for Defendants AIG RISK MANAGEMENT, INC., NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, AMERICAN INTERNATIONAL GROUP, INC., CHARTIS U.S., INC., CHARTIS INC, AIUH LLC and CHARTIS HOLDINGS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| TAMMI JONES,<br><br>Plaintiff,<br><br>v.<br><br>AIG RISK MANAGEMENT, INC.; AIG CONSTRUCTION RISK MANAGEMENT GROUP; AMERICAN INTERNATIONAL COMPANIES; AMERICAN INTERNATIONAL GROUP OF COMPANIES; AMERICAN INTERNATIONAL GROUP, INC.; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA; and DOES ONE through TWENTY,<br><br>Defendants. | CASE NO. CV 10-01374 EMC<br><br>[The Honorable Edward M. Chen]<br><br>**DEFENDANTS CHARTIS U.S., INC., CHARTIS INC., AIUH LLC AND CHARTIS HOLDINGS, INC.'S NOTICE OF MOTION AND MOTION TO STRIKE ALLEGATIONS RELATING TO PUNITIVE AND EXEMPLARY DAMAGES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**[Filed concurrently with Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6)]**<br><br>Date: June 30, 2010<br>Time: 10:30 a.m.<br>Place: Courtroom C |

TO PLAINTIFF AND TO HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 30, 2010 at 10:30 a.m., or as soon thereafter as this motion may be heard in Courtroom C of the United States District Court House, before the Honorable Edward M. Chen, located at 450 Golden Gate Avenue, San Francisco, California, Defendants Chartis U.S., Inc., Chartis Inc., AIUH LLC and Chartis Holdings, Inc. ("Defendants"),

through their counsel, will and hereby do move the Court, pursuant to *Federal Rules of Civil Procedure*, Rule 12(f), for an order striking Paragraphs 44, 52, 60, 64 and 72 of Plaintiff's complaint as well as Plaintiff's prayer for punitive and exemplary damages.

This Motion will be based on the papers and pleadings on file herein, the accompanying Memorandum of Points and Authorities and any further argument and evidence as may be presented to the Court at the hearing on this matter.

DATED: May 17, 2010    LEWIS BRISBOIS BISGAARD & SMITH LLP

By /s/ Rebecca R. Weinreich
Rebecca R. Weinreich
Hellar-Ann Hancock
Attorneys for Defendants AIG RISK MANAGEMENT, INC., NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, AMERICAN INTERNATIONAL GROUP, INC., CHARTIS U.S., INC., CHARTIS INC., AIUH LLC and CHARTIS HOLDINGS, INC.

## **TABLE OF CONTENTS**

| | | | Page |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | PROCEDURAL STATUS | | 1 |
| III. | STATEMENT OF FACTS | | 1 |
| IV. | LEGAL STANDARD | | 2 |
| V. | PLAINTIFF HAS NOT PROPERLY PLED A CLAIM FOR EXEMPLARY AND PUNITIVE DAMAGES UNDER CALIFORNIA LAW | | 3 |
| | A. | Plaintiff's Allegations Are Conclusory | 4 |
| | B. | Plaintiff's Allegations Regarding Punitive And Exemplary Damages Are Not Pled With Specificity | 6 |
| | C. | Civil Code § 3294 Cannot Support A Finding of Liability Against Chartis U.S., Inc., Chartis Inc., AIUH LLC or Chartis Holdings, Inc. | 7 |
| VI. | CONCLUSION | | 9 |

<a>

# TABLE OF AUTHORITIES

Page

**Federal Cases**

*Seymour v. Summa Vista Cinema, Inc.*
(9th Cir. 1987) 809 F.2d 1385 .................................................. 7

**State Cases**

*Adams v. Murakami*
(1991) 54 Cal.3d 105 .................................................. 8

*Beck v. State Farm Mutual Automobile Insurance*
(1976) 54 Cal.App.3d 347 .................................................. 4, 6

*Blegen v. Superior Court*
(1981) 125 Cal.App.3d 959 .................................................. 4

*Clausen v. Superior Court*
(1998) 67 Cal.App.4th 1253 .................................................. 4

*Committee on Children's Television, Inc. v. General Foods Corp.*
(1983) 35 Cal.3d 197 .................................................. 5

*Cruz v. HomeBase*
(2000) 83 Cal.App.4th 160 .................................................. 8

*Davis v. Hearst*
(1911) 160 Cal. 143 .................................................. 4

*Ebaugh v. Rabkin*
(1972) 22 Cal.App.3d 891 .................................................. 3

*Fisher v. San Pedro Peninsula Hospital*
(1989) 214 Cal.App.3d 590 .................................................. 8

*G.D. Searle & Co. v. Superior Court*
(1975) 49 Cal.App.3d 22 .................................................. 4

*Greenfield v. Spectrum Investment Corp.*
(1985) 174 Cal.App.3d 111 .................................................. 7

*Grieves v. Superior Court*
(1995) 157 Cal.App.3d 159 .................................................. 4

*Hartman v. Shell Oil Co.*
(1977) 68 Cal.App.3d 240 .................................................. 8

*Krusi v. Bear, Stearns & Co.*
(1983) 144 Cal.App.3d 664 .................................................. 7


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP

*Liberty Transport, Inc. v. Harry W. Gorst Co.*
(1991) 229 Cal.App.3d 417 ................................................... 7

*Logan v. Southern California Rapid Transit District*
(1982) 136 Cal.App.3d 116 .................................................. 4

*Mock v. Michigan Millers Mutual Insurance Co.*
(1992) 4 Cal.App.4th 306 .................................................... 6

*Patrick v. Maryland Casualty Co.*
(1990) 217 Cal.App.3d 1566 ................................................ 6

*Silberg v. California Life Insurance Co.* (1974) 11 Cal.3d 452 ............. 3, 6

*Smith v. Superior Court*
(1992) 10 Cal.App.4th 1033 ................................................. 4

*Storage Services v. Oosterbaan*
(1989) 214 Cal.App.3d 498 .................................................. 8

*Taylor v. Superior Court*
(1979) 24 Cal.3d 890 ........................................................ 4, 6

*White v. Ultramar, Inc.*
(1999) 21 Cal.4th 563 ....................................................... 8

*Wysinger v. Automobile Club of Southern California*
(2007) 157 Cal.App.4th 413 ................................................. 8

**Federal Statutes**

*Federal Rule of Civil Procedure* 12 ........................................ 2

**State Statutes**

California *Civil Code* §3294 .......................................... Passim

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff alleges six causes of action against Defendants Chartis U.S., Inc., Chartis Inc., AIUH LLC and Chartis Holdings, Inc. and seeks punitive damages under her claims for breach of the covenant of good faith and fair dealing, fraud and deceit, interference with economic relationship, intentional infliction of emotional distress and conspiracy. Plaintiff alleges that "Defendants" acted with "malice," "oppression," and/or "fraud" entitling Plaintiff to punitive and exemplary damages. Plaintiff does not identify which of the myriad "Defendants" acted in that fashion, preferring instead to paint with the broad brush of "Defendants." Chartis U.S., Inc., Chartis Inc., AIUH LLC and Chartis Holdings, Inc. now seek to strike those allegations on the grounds that they are not recoverable as a matter of law.

## II. PROCEDURAL STATUS

Plaintiff commenced this action in San Francisco Superior Court on January 19, 2010 and served Defendants AIG Risk Management, Inc. and National Union Insurance Company of Pittsburgh, Pa. (hereinafter "National Union") on March 3rd and 4th, 2010, respectively. Those Defendants thereafter filed a Notice of Removal on April 1, 2010, and then filed a Motion to Dismiss as well as a Motion to Strike the punitive damage allegations in Plaintiff's complaint, both set for hearing on June 16, 2010.

On April 12, 2010, Plaintiff served a third defendant AIG, Inc., which thereafter filed Motions to Dismiss and Strike on April 30, 2010. These motions are also set for hearing on June 16, 2010.

Most recently, Chartis U.S., Inc., Chartis Holdings, Inc. and AIUH LLC were served with Plaintiff's complaint on April 27, 2010. Chartis Inc. was served on April 29, 2010. These newly served Defendants now seek to dismiss the punitive damages allegations as well as to dismiss all six causes of action alleged by Plaintiff in her complaint on the grounds they are not recoverable as a matter of law against these four Defendants.

## III. STATEMENT OF FACTS

Without exception, all of Plaintiff's claims arise from her central allegation that some

unspecified "Defendants" delayed payment of underinsured motorist benefits purportedly due under an insurance contract between Plaintiff's employer, Tutor-Saliba, and "Defendants." Plaintiff's complaint alleges that Tutor-Saliba purchased motor vehicle insurance from "Defendants" which covered Plaintiff for an automobile accident on May 24, 2004 during the course and scope of her employment as an iron worker for Tutor-Saliba. Plaintiff alleges she was severely injured on May 24, 2004 when she was driving a Tutor-Saliba GMC vehicle and was struck by a third-party vehicle driven by underinsured motorist Saengphet Phimphavanh.

Following the collision on May 24, 2004, Plaintiff filed an action against Saengphet Phimphavanh ("Phimphavanh") which was ultimately settled in early 2006 when his insurer, State Farm, paid Plaintiff policy limits of $25,000. After settling her claim against Phimphavanh, Plaintiff made a claim against her employer, Tutor-Saliba, for workers' compensation benefits through Tutor-Saliba's insurance carrier, "AIG," and received benefits totalling $108,000.[1] Despite receiving combined benefits of approximately $133,000 from State Farm and "AIG," Plaintiff alleges she was not fully compensated for her injuries. She thereafter made a claim for underinsured motorist benefits allegedly due under the policy issued by some unspecified "Defendants" to Tutor-Saliba.

Plaintiff ultimately settled her underinsured motorist claim with one or more "Defendants" and was paid an agreed-to settlement amount of $450,000. She now claims that some or all of the "Defendants" unreasonably delayed payment of that settlement in bad faith, resulting in emotional distress, financial distress and economic damages and further entitling Plaintiff to punitive damages.

As set forth more fully below, Plaintiff's conclusory allegations of "malice," "oppression," and "fraud" are not supported by factual allegations in her complaint.

## IV. LEGAL STANDARD

This motion is brought pursuant to *Federal Rule of Civil Procedure* 12(f) which provides that any party, within the time allowed to respond to a pleading, may serve and file a notice of motion to strike all or any part of the pleadings that is "redundant, immaterial, impertinent, or

---

[1] Although not centrally relevant to the present motion, "AIG" is a trade name, not a company or other legal entity.

4818-2678-1958.1 -2-
CV 10-01374 EMC
MOTION TO STRIKE ALLEGATIONS RE PUNITIVE AND EXEMPLARY DAMAGES

scandalous." "Defendants" herein seek to strike Plaintiff's allegations of "malice," "oppression," and "fraud" as well as Plaintiff's prayer for punitive and exemplary damages because they are not supported by California law.

## V. PLAINTIFF HAS NOT PROPERLY PLED A CLAIM FOR EXEMPLARY AND PUNITIVE DAMAGES UNDER CALIFORNIA LAW

The basis for a claim for punitive damages in California is strictly statutory. California *Civil Code* §3294 provides for the recovery of punitive damages in actions other than breach of contract, "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." California *Civil Code* §3294(a). The Code further provides the following definitions of oppression, fraud and malice:

> "(1) "Malice" means conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a conscious disregard of the rights or safety of others.[2]
> 
> (2) "Oppression" means subjecting a person to cruel or unjust hardship in conscious disregard of that person's rights.
> 
> (3) "Fraud" means an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury."

California *Civil Code* §3294(c).

To justify a finding of oppression, fraud or malice, the defendants must have acted "with the intent to vex, injure or annoy, or with conscious disregard of the plaintiff's rights." *Silberg v. California Life Ins. Co.* (1974) 11 Cal.3d 452, 462. "Mere spite or ill will is not sufficient; and mere negligence *even gross negligence* is not sufficient to justify an award of punitive damages." *Ebaugh v. Rabkin* (1972) 22 Cal.App.3d 891, 894. (Emphasis added.)

---

[2] The definition of "malice" was amended by the 1987 Reform Act to include the word "despicable." Therefore, a finding of "malice" now must contain the additional component of being "despicable" conduct over and above conduct establishing an intent to injure the plaintiff.

4818-2678-1958.1 -3-

CV 10-01374 EMC
MOTION TO STRIKE ALLEGATIONS RE PUNITIVE AND EXEMPLARY DAMAGES

While a conscious disregard for the safety of others may constitute malice within the meaning of Section 3294, the Supreme Court of California has held that in order to justify an award of punitive damages on this basis, the plaintiff "must establish that the defendant was aware of the probable dangerous consequences of his conduct and that he willfully and deliberately failed to avoid these consequences." *Taylor v. Superior Court* (1979) 24 Cal.3d 890, 895-896. "[I]t is only upon some showing regarded by the law as adequate to establish the presence of malice in fact (that is, the motive and willingness to vex, harass, annoy, or injure) that punitive damages have ever been awarded." *G.D. Searle & Co. v. Superior Court* (1975) 49 Cal.App.3d 22, 29, citing *Davis v. Hearst* (1911) 160 Cal. 143.

Plaintiff has alleged no facts specific to Defendants Chartis U.S., Inc., Chartis Inc., AIUH LLC or Chartis Holdings, Inc. to support a finding of malice, fraud or oppression. In fact, Plaintiff has alleged not one fact relative to any of these Defendants.

It is an essential pleading requirement with respect to claims for punitive damages that the plaintiff plead facts from which it can reasonably be inferred that defendants acted with malice, oppression or fraud against plaintiff within the meaning of Cal. *Civ. Code* §3294. In order to survive a motion to strike an allegation of punitive damages, the ultimate facts showing an entitlement to such relief must be plead by a plaintiff. *Grieves v. Superior Court* (1995) 157 Cal.App.3d 159, 166; *Blegen v. Superior Court* (1981) 125 Cal.App.3d 959, 962-963; *Clausen v. Superior Court* (1998) 67 Cal.App.4th 1253, 1255. Moreover, "[t]he law does not favor punitive damages, and they should be granted with the greatest caution." *Beck v. State Farm Mut. Auto. Ins. Co.* (1976) 54 Cal.App.3d 247, 355.

### A. Plaintiff's Allegations Are Conclusory

In addition to meeting the above standards, a pleading alleging punitive damages "must allege facts and not mere conclusions of law." *Logan v. Southern California Rapid Transit District* (1982) 136 Cal.App.3d 116, 126. In *Smith v. Superior Court* (1992) 10 Cal.App.4th 1033, the court stated, "[A] conclusory characterization of defendant's conduct as intentional, willful, and fraudulent is a patently insufficient statement of 'oppression, fraud or malice, express or implied,' within the meaning of [*Civil Code*] section 3294."

"The use of the words 'wrongfully,' 'willfully' and 'maliciously' add nothing to the pleadings except to convey a sense of outrage on the part of the appellant." *Id.* In other words, California law clearly requires plaintiffs to plead causes of action that support a claim for punitive damages both factually and specifically. *Committee on Children's Television, Inc. v. General Foods Corp.* (1983) 35 Cal.3d 197, 216. Simply using the words "fraud, malice and oppression" to describe defendant's conduct does not overcome the burden of pleading facts with sufficient particularity, or in this case, the burden of pleading any facts.

Paragraphs 44, 52, 60, 64 and 72 all conclude that "Defendants'" conduct was "malicious," "oppressive," and/or "fraudulent" without setting forth facts supporting that conclusion:

> "The wrongful conduct of defendants and each of them, as herein alleged, was intentional, malicious, oppressive, fraudulent and plaintiff, TAMMI JONES is therefore entitled to recover punitive damages as to defendants and each of them." (¶ 44.)

> "The aforementioned conduct of defendants was intentional misrepresentation, deceit and concealment of material facts known to defendants and each of them, with the intention on the part of defendants and each of them of thereby depriving the plaintiff of property, legal rights and causing injury. This conduct was despicable and subjected plaintiff to cruel and unjust hardship in conscious disregard of plaintiff's rights so as to justify an award of exemplary and punitive damages." (¶ 52.)

> "The wrongful conduct of defendants and each of them, as herein alleged, was intentional, malicious, oppressive, fraudulent and plaintiff TAMMI JONES is therefore entitled to punitive damages as to defendants and each of them." (¶ 60.)

"The act of defendants alleged above were willful, wanton and malicious and oppressive, and justify the awards of exemplary and punitive damages." (¶ 64.)

"The wrongful conduct of defendants and each of them as herein alleged, was intentional, malicious, oppressive, fraudulent and plaintiff TAMMI JONES is therefore entitled to recover punitive damages as to defendants and each of them." (¶ 72.)

These allegations do not support any specific intentional conduct by Chartis U.S., Inc., Chartis Inc., AIUH LLC or Chartis Holdings, Inc. Therefore, all allegations of malice, fraud and oppression should be stricken.

### B. Plaintiff's Allegations Regarding Punitive And Exemplary Damages Are Not Pled With Specificity

The Supreme Court in *Taylor v. Superior Court, supra,* makes clear that exemplary damages must be pled with specificity and establish willful and intentional conduct. In an insurance bad faith action, allegations that the insurer has violated its duty of good faith and fair dealing is not sufficient to establish that it has acted with the requisite malice to justify an award of punitive damages. *Silberg v. California Life Ins. Co.* (1974) 11 Cal.3d 452, 463; *Beck v. State Farm Mut. Auto Ins.* (1976) 54 Cal.App.3d 347, 355-356; *Mock v. Michigan Millers Mut. Ins. Co.* (1992) 4 Cal. App. 4th 306, 328, 5 Cal. Rptr. 2d 594; *Patrick v. Maryland Cas. Co.* (1990) 217 Cal. App. 3d 1566, 1575, 267 Cal. Rptr. 24. Mere inept and negligent handling of a claim may constitute bad faith under California law, but such allegations are insufficient to support an award of punitive damages. In *Patrick v. Maryland Cas. Co.* (1990) 217 Cal. App. 3d 1566, 1576, although the court characterized the insurer's claims-handling as "shoddy," "witless," and "infected with symptoms of bureaucratic inertia and inefficiency," the court denied plaintiff's claim for punitive damages finding that such negligent conduct could not support an award of punitive damages.

Plaintiff makes no allegation of claims handling, negligent or otherwise, and alleges no

1 | conduct by or specific to Chartis U.S., Inc., Chartis Inc., AIUH LLC or Chartis Holdings, Inc.

### C. Civil Code § 3294 Cannot Support A Finding of Liability Against Chartis U.S., Inc., Chartis Inc., AIUH LLC or Chartis Holdings, Inc.

California *Civil Code* § 3294 provides in pertinent part:

> "(b) An employer shall not be liable for damages pursuant to subdivision (a), based upon acts of an employee of the employer, unless the employer had advance knowledge of the unfitness of the employee and employed him or her with a conscious disregard of the rights or safety of others or authorized or ratified the wrongful conduct for which the damages are awarded or was personally guilty of oppression, fraud, or malice. With respect to a corporate employer, the advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation."

Here, Plaintiff fails to allege any facts suggesting or even supporting an inference that Chartis U.S., Inc., Chartis Inc., AIUH LLC or Chartis Holdings, Inc. employed the alleged claim handler, Deborah Paules, and/or that these newly named Defendants had either advance knowledge of Deborah Paules' alleged unfitness or that her employment was undertaken with conscious disregard of the rights or safety of others. Moreover, there are no allegations that these newly named Defendants at any time ratified the conduct of Ms. Paules and/or her purported delays.

Although an employer may be liable for an employee's tortious acts under the doctrine of respondeat superior, the employer is ordinarily not liable for punitive damages grounded in an employee's acts. *Greenfield v. Spectrum Inv. Corp.* (1985) 174 Cal. App. 3d 111. Therefore, to effectively allege facts to support a claim for punitive damages, facts must be alleged suggesting the employer had advance knowledge of the unfitness of the employee, employed her with conscious disregard or authorized or ratified the employee's wrongful conduct. *Greenfield, supra.*, see *Seymour v. Summa Vista Cinema, Inc.* (9th Cir. 1987) 809 F.2d 1385, 1388 (deciding California law); citing *Krusi v. Bear, Stearns & Co.* (1983) 144 Cal. App. 3d 664, 678-679. This statutory rule also applies to the principal-agent relationship. *Liberty Transp., Inc. v. Harry W. Gorst Co.*

(1991) 229 Cal. App. 3d 417, 439, *disapproved on other grounds; Adams v. Murakami* (1991) 54 Cal. 3d 105.

With respect to a corporate employer, the conduct that constitutes a statutory ground for punitive damages must be that of an officer, director, or managing agent of the corporation. California *Civil Code* § 3294(b). A "managing agent" of a corporation, for purposes of establishing an entitlement to punitive damages under these provisions, includes only those corporate employees who exercise substantial independent authority and judgment in their corporate decision making such that their decisions ultimately determine corporate policy. *White v. Ultramar, Inc.* (1999) 21 Cal. 4th 563, 566-567; *Wysinger v. Automobile Club of Southern California* (2007) 157 Cal. App. 4th 413, 428-429. Here, Plaintiff fails to allege any facts to suggest that Chartis U.S., Inc., Chartis Inc., AIUH LLC or Chartis Holdings, Inc. exercised substantial independent authority and/or judgment sufficient to impose liability. Plaintiff also fails to allege ratification by these newly named Defendants of any of Ms. Paules' actions and/or inaction. Authorization and ratification are questions of fact that may be proved by direct or circumstantial evidence demonstrating adoption or approval of the employee's actions by the employer. *Fisher v. San Pedro Peninsula Hosp.* (1989) 214 Cal. App. 3d 590. *Hartman v. Shell Oil Co.* (1977) 68 Cal. App. 3d 240; *Storage Services v. Oosterbaan* (1989) 214 Cal. App. 3d 498, 516. Ratification requires actual knowledge of the wrongful act and cannot be based merely on the fact that a corporate officer, director, or managing agent could have learned of the misconduct. *Cruz v. HomeBase* (2000) 83 Cal. App. 4th 160. Plaintiff's complaint does not allege any facts supporting either actual knowledge or circumstances tending to infer knowledge relative to Chartis U.S., Inc., Chartis Inc., AIUH LLC, or Chartis Holdings, Inc.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## VI. CONCLUSION

Based on the foregoing, Chartis U.S., Inc., Chartis Inc., AIUH LLC and Chartis Holdings, Inc. respectfully request that their Motion to Strike be granted and that the Court strike Paragraphs 44, 52, 60, 64 and 72 of Plaintiff's complaint, as well as Paragraph 5 of Plaintiff's prayer.

DATED: May 17, 2010            LEWIS BRISBOIS BISGAARD & SMITH LLP


By /s/ Rebecca R. Weinreich
Rebecca R. Weinreich
Hellar-Ann Hancock
Attorneys for Defendants AIG RISK MANAGEMENT, INC., NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, AMERICAN INTERNATIONAL GROUP, INC., CHARTIS U.S., INC., CHARTIS INC., AIUH LLC and CHARTIS HOLDINGS, INC.

**FEDERAL COURT PROOF OF SERVICE**
*Tammi Jones v. AIG Risk Management, et al.* - File No. 6234-7811

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 221 North Figueroa Street, Suite 1200, Los Angeles, California 90012. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On May 17, 2010, I served the following document(s): **DEFENDANTS CHARTIS U.S., INC., CHARTIS INC., AIUH LLC AND CHARTIS HOLDINGS, INC.'S NOTICE OF MOTION AND MOTION TO STRIKE ALLEGATIONS RELATING TO PUNITIVE AND EXEMPLARY DAMAGES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

> Edward M. Mastrangelo, Esq.
> MASTRANGELO LAW OFFICES
> A Professional Corporation
> Two Theatre Square, Suite 234
> Orinda, CA 94563
> Telephone:  925-258-0500
> Facsimile:  925-254-0550
>
> *Attorney for Plaintiffs*

The documents were served by the following means:

[ ]  (BY U.S. MAIL) I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and I deposited the sealed envelope or package with the U.S. Postal Service, with the postage fully prepaid.

[ ]  (BY OVERNIGHT DELIVERY) Based on an agreement of the parties to accept service by overnight delivery, I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed above. I placed the envelope or package for collection and delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

[X]  (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on May 17, 2010, at Los Angeles, California.

Annette E. Jacques

LEWIS BRISBOIS BISGAARD & SMITH LLP

4818-2678-1958.1

CV 10-01374 EMC
MOTION TO STRIKE ALLEGATIONS RE PUNITIVE AND EXEMPLARY DAMAGES