1   REBECCA R. WEINREICH, SB# 155684
        E-Mail: weinreich@lbbslaw.com
2   CHRISTOPHER J. GREENLEAF, SB# 170514
        E-Mail: greenleaf@lbbslaw.com
3   **LEWIS BRISBOIS BISGAARD & SMITH LLP**
    221 North Figueroa Street, Suite 1200
4   Los Angeles, California 90012
    Telephone: (213) 250-1800
5   Facsimile: (213) 481-0621

6   Attorneys for Defendants

7

8                       UNITED STATES DISTRICT COURT

9        NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

10

11

12  TAMMI JONES,                          ) CASE NO.  CV 10-01374 EMC
                                          )
13              Plaintiff,                ) [The Honorable Edward M. Chen]
                                          )
14       v.                               ) **STIPULATION AND PROPOSED**
                                          ) **CONFIDENTIALITY ORDER IN REGARD**
15  AIG RISK MANAGEMENT, INC.;            ) **TO THE EXCHANGE AND DISCLOSURE**
    AIG CONSTRUCTION RISK                 ) **OF CONFIDENTIAL INFORMATION**
16  MANAGEMENT GROUP; AMERICAN            )
    INTERNATIONAL COMPANIES;              )
17  AMERICAN INTERNATIONAL GROUP OF       )
    COMPANIES; AMERICAN                   )
18  INTERNATIONAL GROUP, INC.;            )
    NATIONAL UNION FIRE INSURANCE         )
19  COMPANY OF PITTSBURGH, PA; and        )
    DOES ONE through TWENTY,              )
20                                        )
                Defendants.               )
21  _____)

22

23          In order to protect the confidentiality of Confidential Information obtained by the parties in

24  connection with this case, Plaintiff, TAMMI JONES, and Defendants, NATIONAL UNION FIRE

25  INSURANCE COMPANY OF PITTSBURGH, PA, AMERICAN INTERNATIONAL GROUP,

26  INC. and CHARTIS CLAIMS, INC. hereby agree as follows:

27          DESIGNATION OF DOCUMENTS AND TESTIMONY AS CONFIDENTIAL

28          1.      Any party or non-party may designate as "Confidential" (by so stamping the relevant

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP

4836-6537-4473.1                           -1-
                    STIPULATION AND PROPOSED CONFIDENTIALITY ORDER

page) any document or response to discovery which that party considers in good faith to contain

Confidential Information subject to protection under the Federal Rules of Civil Procedure or

California law.  Where a document consists of more than one page, the first page on which

Confidential Information appears shall be so designated.  For the purposes of this Order, the

protection afforded the material designated as "Confidential" shall extend to any disclosure of the

contents and/or existence of such material.  The following documents may be designated

"Confidential" in the above-described manner pursuant to the terms of this stipulation for protective

order:

> A.      All non-public documents, as defined in Federal Rules of Evidence
> 1001, which contain information related to insurance reserves and reinsurance;

> B.      All non-public documents, as defined in Federal Rules of Evidence
> 1001, which contain private, confidential, proprietary or trade secret information;

> C.      Deposition testimony, deposition transcripts, and the parties' responses to
> adverse parties' written discovery in this action, which relate to paragraphs (A) or (B), or such other
> information which a party designates as "confidential" in those responses or during a deposition;

> D.      Such other documents that contain sensitive material that is protected from
> disclosure under Federal or California case law, statutory law, the United States Constitution, or
> California Constitution.

2.      A party or non-party may designate information disclosed during deposition

or in response to written discovery as "Confidential" by so indicating in said responses or on the

record at the deposition and requesting the preparation of a separate transcript of such material.

Additionally, a party or non-party may designate in writing, within thirty (30) days after receipt of

said responses or of the deposition transcript for which the designation is proposed, that specific

pages of the transcript and/or specific responses be treated as "confidential" information.  Any other

party may object to such proposal, in writing or on the record.  Upon such objection, the parties shall

follow the procedures described in paragraphs 8 and 9, below.  After any designation made

according to the procedure set forth in this paragraph, the designated documents or information shall

be treated according to the designation until the matter is resolved according to the procedures

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP

4836-6537-4473.1                                           -2-
STIPULATION AND PROPOSED CONFIDENTIALITY ORDER

described in paragraphs 8 and 9, below, and counsel for all parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control with the specified designation.

3.      If a party or person discloses or produces information or documents that are considered "Confidential Information," in whole or in part, without the required designations, it may designated such information or documents or parts thereof after production as "Confidential Information" as follows:

(a)      The producing party or person: (1) must give written notice to all parties that the producing party or person claims said document in whole or in part to be "Confidential Information"; and (2) must furnish labeled copies of the produced document designated as "Confidential Information" to all parties;

(b)      Upon receipt of such notice and labeled copies, all parties who have received unlabeled copies of the produced documents shall either promptly return all unlabeled copies to the producing party or person or certify to the producing party or person that all unlabeled copies have been destroyed.

LIMITATIONS ON DISCLOSURE OF CONFIDENTIAL INFORMATION

4.      All information produced or exchanged in the course of this case (other than information that is publicly available) shall be used by the party or parties to whom the information is produced solely for the purpose of this case, and in accordance with this Order.

5.      Except with the prior written consent of the other parties, or upon prior order of this Court obtained upon notice to opposing counsel, information designated as "Confidential" shall not be disclosed to any person other than:

A.      counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

B.      employees of such counsel;

C.      individual parties or any director, officer, employee or agent of a party, to the extent deemed necessary by counsel for the prosecution or defense of this litigation, and a party's insurers and outside or in-house auditors;

STIPULATION AND PROPOSED CONFIDENTIALITY ORDER

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP

D.   consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification annexed to this Order (which shall be retained by counsel to the party so disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court) before being shown or given any Confidential Information;

E.   Federal, state and regulatory agencies, their employees and representatives, to whom the parties to this litigation have a statutory obligation to transmit or report concerning this action.  Access to Confidential Information by regulatory agencies shall be limited to documents that the regulatory agencies reasonably need to review in their roles as regulatory agencies;

F.   any authors or recipients of the information designated as "Confidential";

G.   the Court, Court personnel, and court reporters; and

H.   witnesses.  A witness shall sign the Certification before being shown a confidential document.  Confidential Information may be disclosed to a witness who will not sign the Certification only in a deposition at which the party who designated the Confidential Information is represented or has been given notice that Confidential Information produced by the party may be used. At the request of any party, the portion of the deposition transcript involving the Confidential Information shall be designated "Confidential" pursuant to paragraph 2 above.  Witnesses shown Confidential Information shall not be allowed to retain copies.

6.   Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

7.   A party may designate as "Confidential" documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers or other

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP

4836-6537-4473.1

-4-

STIPULATION AND PROPOSED CONFIDENTIALITY ORDER

identification within thirty (30) days after receiving such documents or discovery materials. Any party or non-party may voluntarily disclose to others without restriction any information designated by that party or non-party as confidential, although a document may lose its confidential status if it is made public.

8.    If a party contends that any material is not entitled to confidential treatment, such party may object, in writing, to the designation by another party or person of any information or material as "Confidential Information." Within thirty (30) days of receipt of such objection, the party or person seeking protection shall respond in writing of the basis for the designation as "Confidential Information," or request a reasonable time for reviewing the material to determine which documents, if any, will not be subject to the designation. Absent agreement, the party or person objecting to the designation may then file with the Court a motion to compel the production of the materials without the protection of being "Confidential Information." If such a motion is filed, the information or material shall be treated as "Confidential Information" until the Court enters an order to the contrary.

9.    Notwithstanding any challenge to the designation of material as Confidential Information, all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

1.    the party or non-party who claims that the material is Confidential Information withdraws such designation in writing; or

2.    the party or non-party who claims that the material is Confidential Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

3.    the Court rules the material is not Confidential Information.

10.    If any party so requests in writing, all provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. If any party so requests in writing, upon conclusion of the litigation, a party in the possession of Confidential Information, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either;

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP

4836-6537-4473.1
-5-
STIPULATION AND PROPOSED CONFIDENTIALITY ORDER

1.     return such documents no later than thirty (30) days after conclusion of this action to counsel for the party or non-party who provided such information, or

2.     destroy such documents within the time period upon consent of the party who provide the information and certify in writing within thirty (30) days that the documents have been destroyed.

11.     The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial.

12.     Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

13.     Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Order by written advice to the parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

## ENFORCEMENT OF STIPULATION AND ORDER

14.     If the Court, on motion of any party, finds that a party or its, his, or her counsel are responsible for the unauthorized disclosure of information designated as Confidential Information as provided for in this Stipulation and Order, the moving party may obtain such relief as the Court deems appropriate; however, monetary sanctions or a finding of civil contempt shall only be available if the unauthorized disclosure is found to have been intentional.

15.     This stipulation for protective order is subject to modification on further written stipulation of the parties, executed by its, his, or her counsel, or on motion to the Court, provided that counsel for the moving party provides notice and serves a complete copy of the motion and supporting papers on all parties no less than 72 hours prior to the hearing of any ex parte motion.

## PROCEDURE FOR SUBMITTING CONFIDENTIAL
## INFORMATION TO BE FILED UNDER SEAL

16.     No document may be filed under seal, i.e., closed to inspection by the public, except

pursuant to a Court order that authorizes the sealing of the particular document, or portions thereof. A sealing order may issue only upon a request that establishes that the document, or portions thereof, is privileged or protectable as a trade secret or otherwise entitled to protection under the law (hereinafter referred to as "sealable"). The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Local Rule 79-5(b) or (c). A stipulation, or a blanket protective order that allows a party to designate documents as sealable, will not suffice to allow the filing of documents under seal. Ordinarily, more than one copy of a particular document should not be submitted for filing under seal in a case.

17.   Counsel seeking to file an entire document under seal must:

(1)   File and serve an Administrative Motion to File Under Seal, in conformance with Local Rule 7-11, accompanied by a declaration establishing that the entire document is sealable;

(2)   Lodge with the Clerk and serve a proposed order sealing the document;

(3)   Lodge with the Clerk and serve the entire document, contained in an 8 ½- inch by 11-inch sealed envelope or other suitable sealed container, with a cover sheet affixed to the envelope or container, setting out the information required by Local Rules 3-4(a) and (b) and prominently displaying the notation: "DOCUMENT SUBMITTED UNDER SEAL";

(4)   Lodge with the Clerk for delivery to the Judge's chambers a second copy of the entire document, in an identical labeled envelope or container.

18.   If only a portion of a document is sealable, counsel seeking to file that portion of the document under seal must:

(1)   File and serve an Administrative Motion to File Under Seal, in conformance with Local Rule 7-11, accompanied by a declaration establishing that a portion of the document is sealable;

(2)   Lodge with the Clerk and serve a proposed order that is narrowly tailored to seal only the portion of the document which is claimed to be sealable;

(3)   Lodge with the Clerk and serve the entire document, contained in an 8 ½- inch

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP

by 11-inch sealed envelope or other suitable sealed container, with a cover sheet affixed to the envelope or container, setting out the information required by Local Rule 3-4(a) and (b) and prominently displaying the notation: "DOCUMENT SUBMITTED UNDER SEAL." The sealable portions of the document must be identified by notations or highlighting within the text;

(4)     Lodge with the Clerk for delivery to the Judge's chambers a second copy of the entire document, in an identical labeled envelope or container, with the sealable portions identified;

(5)     Lodge with the Clerk and serve a redacted version of the document that can be filed in the public record if the Court grants the sealing order.

19.     If a party wishes to file a document that has been designated confidential by another party pursuant to this Order, or if a party wishes to refer in a memorandum or other filing to information so designated by another party, the submitting party must file and serve an Administrative Motion for a sealing order and lodge the document, memorandum or other filing in accordance with Local Rule 79-5.  If only a portion of the document, memorandum or other filing is sealable, the submitting party must also lodge with the Court a redacted version of the document, memorandum or other filing to be placed in the public record if the Court approves the requested sealing order.  Within 7 days thereafter, the designating party must file with the Court and serve a declaration establishing that the designated information is sealable, and must lodge and serve a narrowly tailored proposed sealing order, or must withdraw the designation of confidentiality.  If the designating party does not file its responsive declaration as required by this subsection, the document or proposed filing will be made part of the public record.

20.     If a request to file under seal is denied in part or in full, neither the lodged document nor any proposed redacted version will be filed.  The Clerk will notify the submitting party, hold the lodged document for three days for the submitting party to retrieve it, and thereafter, if it is not retrieved, dispose of it.  If the request is denied in full, the submitting party may retain the document and not make it part of the record in the case, or, within 4 days, re-submit the document for filing in the public record.  If the request is denied in part and granted in part, the party may resubmit the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP

document in a manner that conforms to the Court's order and this rule.

21.     Unless otherwise ordered by the Court, any document filed under seal shall be kept from public inspection, including inspection by attorneys and parties to the action, during the pendency of the case.  Any document filed under seal in a civil case shall be open to public inspection without further action by the Court 10 years from the date the case is closed.  However, a party that submitted documents that the Court placed under seal in a case may, upon showing good cause at the conclusion of the case, seek an order that would continue the seal until a specific date beyond the 10 years provided by this rule.  Nothing in this rule is intended to affect the normal records destruction policy of the United States Courts.  The chambers copy of sealed documents will be disposed of in accordance with the assigned Judge's discretion.

Date:   September 30, 2011

_____/s/_____ Jane L. Trigero_____

JANE L. TRIGERO
Attorney for Plaintiff, Tammi Jones

Date:   September 30, 2011

_____/s/_____ Christopher J. Greenleaf_____
CHRISTOPHER J. GREENLEAF
Attorney for Defendants, National Union Fire
Insurance Company of Pittsburgh, PA;
American International Group, Inc.; and Chartis
Claims, Inc.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

                          October 4, 2011
Dated:  _____        _____
                                        EDWARD M. CHEN
                                        United States Magistrate Judge
                                        District

IT IS SO ORDERED
AS MODIFIED
Judge Edward M. Chen
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP

4836-6537-4473.1                          -9-
STIPULATION AND PROPOSED CONFIDENTIALITY ORDER

1

2

CERTIFICATION

3

I hereby certify my understanding that Confidential Information is being provided to me

4

pursuant to the terms and restrictions of the Protective Order dated _____, in the

5

matter of *Tammi Jones v. National Union Fire Insurance Company of Pittsburgh, PA, et al.*, CIV

6

10-01374 EMC.  I have been given a copy of the Protective Order and have read it.  I agree to be

7

bound by the Protective Order.  I will not reveal the Confidential Information to anyone, except as

8

allowed by the Protective Order.  I will maintain all such Confidential Information, including copies,

9

notes, or other transcripts made therefrom, in a secure manner to prevent unauthorized access to it.

10

No later than 30 days after the conclusion of this litigation, I will return the Confidential Information,

11

including copies, notes, or other transcripts made therefrom, to the counsel who provided me with

12

the Confidential Information.

13

I hereby consent to the jurisdiction of the United States District Court of the Northern

14

District of California for the purpose of enforcing the Protective Order.

15

16

Dated: _____        _____

17

Signature of Person Receiving Confidential Information

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP

4836-6537-4473.1

-10-

STIPULATION AND PROPOSED CONFIDENTIALITY ORDER